IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SHAUN L. DUNN                                                                                          PLAINTIFF

V.                                              NO. 11-3081

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                     DEFENDANT

## MEMORANDUM OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).

On January 31, 2012, Defendant filed a Motion to Dismiss, alleging that the Court lacks jurisdiction to review the Commissioner's decision not to reopen the prior denial of Title II benefits. (Doc. 5). Plaintiff has filed a response to Defendant's motion, and Defendant has filed a reply thereto. (Docs. 7, 10).

Plaintiff filed a prior Title II application in the summer of 2005, which was denied at the initial level on August 19, 2005. (Tr. 162, 259). The application was denied based on a finding that Plaintiff had only a slight impairment. (Tr. 137).[1] Plaintiff's date last insured for Title II purposes was March 31, 2000, and the onset date was February 1, 2000. (Tr. 10-11, 27, 161).

Plaintiff next applied for Title II and Title XVI benefits on April 6, 2009, alleging

---

[1] An F2 denial code represents a step two denial for lack of a severe impairment. Bridges v. Commissioner of Social Security, 278 F.Supp. 2d 797, 805, n.4 (N.D. Tex. 2003).

-1-

disability since July 1, 2005. (Tr. 10, 133, 154). At the May 25, 2010 hearing, Plaintiff was represented by counsel. (Tr. 25).

On August 27, 2010, the ALJ issued a partially favorable decision, finding Plaintiff disabled as of December 19, 2007. (Tr. 6, 17-18). Therefore, the decision was fully favorable with respect to Plaintiff's April 6, 2009 application for Title XVI benefits. Regarding the Title II application, the ALJ did not award any Title II benefits, stating as follows:

> The undersigned affirms the decision of the Disability Determination Services and finds that the claimant was previously denied on a substantive basis after the last point at which she met the prescribed period requirement. Therefore, her appeal on the issue of insured status is denied.
>
> Therefore, the portion of the claimant's request for hearing under Title II of the Social Security Act based on the claim for a period of disability and disability insurance benefits under section 216(I) and 223(a) of the Social Security Act will not be considered and the remainder of this decision addresses only the claimant's currently pending application for supplemental security income.

(Tr. 10-11).

With respect to mental impairments, the ALJ found Plaintiff suffered from mild restriction of activities of daily living; moderate difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence, or pace; and no episodes of decompensation. (Tr. 13). The ALJ also noted that Plaintiff had received little or no mental health treatment. (Tr. 16).

> Although the claimant testified at the hearing that she had difficulty with concentration and memory, she provided little, if any, evidence of mental health treatment prior to or since the established onset date. Notably, the only mental health examinations were conducted as part of her application for Social Security benefits and one examiner offered a provisional diagnosis of malingering. (Exhibit 7F.

(Tr. 13).

As stated by Defendant, under § 405(g), "courts generally lack jurisdiction to review the Commissioner's refusal to reopen the proceeding because a refusal to reopen the proceeding is not a 'final decision of the Commissioner ... made after a hearing.'" Effinchuk v. Astrue, 480 F.3d 846, 848 (8th Cir. 2007)(quoting 42 U.S.C. § 405(g). "Jurisdiction may exist, however, if the claimant challenges the refusal to reopen the proceeding on constitutional grounds." Effinchuk, 480 F.3d at 848. As in Effinchuk, in the instant case, Plaintiff was represented by counsel at the May 25, 2010 hearing, and the ALJ received and considered all evidence and all proffered testimony and arguments. Nothing in the proceedings: indicates the ALJ could not render a fair judgment, shows the procedural safeguards were constitutionally inadequate, or shocks the conscience. Id. at 848-849. Plaintiff has failed to present any colorable due process claim, and accordingly, the Defendant's Motion to Dismiss is hereby granted, as the Court lacks jurisdiction to review the Commissioner's decision not to reopen the prior denial of Title II benefits.

IT IS SO ORDERED this 17th day of August, 2012.

/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)